IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| EMMANUEL QUITEN HOOKS | * | |
| Plaintiff, | * | |
| v. | * | 1:08-CV-776-TMH |
| | | (WO) |
| HOUSTON COUNTY JAIL, *et al.*, | * | |
| Defendants. | * | |

_____

**ORDER ON MOTION**

Plaintiff has filed a motion to amend complaint wherein he seeks to present additional factual allegations in support of the complaint and names an additional defendant. Upon review of the motion, the court concludes that the motion is due to be granted in part and denied in part. Plaintiff's motion to amend the complaint to name the Houston County Sheriff's Department as an additional defendant shall be denied. Plaintiff's motion to amend to present additional factual allegations in support of the complaint against the defendants remaining as parties to this cause of action shall be granted.

Accordingly, it is ORDERED that:

1. Plaintiff's Motion to Amend Complaint (*Doc. No. 14*) is GRANTED in part and DENIED in part;

2. Plaintiff's Motion to Amend Complaint wherein he seeks to name the Houston County Sheriff's Department as a defendant is DENIED. *See Dean v. Barber*, 951 F.2d

1210, 1214 (11th Cir. 1992);

 3. Plaintiff's Motion to Amend Complaint to add additional factual allegations against Defendants Smokes and Dykes in support of the original complaint be and is hereby GRANTED;

 4. Defendants undertake a review of the subject matter of the complaint, as amended, (a) to ascertain the facts and circumstances; (b) to consider whether any action should be taken to resolve the subject matter of the complaint; and (c) to determine whether other similar complaints, whether pending in this court or elsewhere, should be considered together;

 5. On or before **November 17, 2008** Defendants shall file an answer and written report containing the sworn statements of all persons having knowledge of the subject matter of the complaint, as amended.  This report shall be filed with the court and a copy served upon Plaintiff.  Authorization is hereby granted to interview all witnesses, including Plaintiff. <u>Whenever relevant, copies of medical and/or psychiatric records shall be attached to the written report.  Where Plaintiff's claims or Defendants' defenses relate to or involve the application of administrative rules, regulations or guidelines, the written report shall include copies of all such applicable administrative rules, regulations or guidelines</u>;

 6. **Since this case involves claims of inadequate medical treatment, Defendants shall provide an affidavit from a health care professional which (i) contains a detailed explanation of the treatment provided to Plaintiff, and (ii) interprets the information**

**contained in the medical records relevant to the claims presented in the complaint. Defendants shall likewise submit only those medical records relevant to the claims raised in the instant complaint and such documents shall be presented to the court in chronological order.**

7. **If Defendants assert failure of exhaustion as an affirmative defense, they must specifically identify the grievance procedure available to Plaintiff and/or the manner in which Plaintiff failed to exhaust a grievance procedure. If Plaintiff failed to undertake the available grievance procedure during his confinement in the county jail and such procedure is no longer available to him, Defendants shall so advise the court**. *Jones v. Bock*, ___ U.S. ___, 127 S.Ct. 910, 921 (2006) (Failure of exhaustion is an affirmative defense which must be raised by the defendants); *Woodford v. Ngo*, ___ U.S. ___, 126 S.Ct. 2378, 2387 (2006) ("[T]he PLRA exhaustion requirement requires proper exhaustion."). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings.... Construing § 1997e(a) to require proper exhaustion ... fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage." *Id*. at 2386.

8.  <u>No</u> motion for summary judgment, motion to dismiss or any other dispositive motions addressed to the complaint, as amended, be filed by any party without permission of the court.  If any pleading denominated as a motion for summary judgment, motion to dismiss or other dispositive motion is sent to the court, the court shall not file or otherwise treat the pleading as a dispositive motion until and unless further order of the court; and

9.  The clerk is DIRECTED to furnish a copy of this order to Plaintiff and a copy of this order and amendment to the complaint to Defendants Smoke and Dykes.

Done, this 15th day of October 2008.

                                        /s/ Wallace Capel, Jr.
                                        WALLACE CAPEL, JR.
                                        UNITED STATES MAGISTRATE JUDGE